United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41425
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GERARDO SALAS-LOPEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-580-ALL
--------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Gerardo Salas-Lopez (Salas) appeals his sentence for being present in the United States after having been deported. Salas argues for the first time on appeal that the district court erred in imposing a sentence under a mandatory guidelines regime, in violation of United States v. Booker, 543 U.S. 220 (2005). He also argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional.

We review Salas's Booker-based challenge for plain error. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 732 (5th.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cir.), cert. denied, 126 S. Ct. 267 (2005).  Salas has failed to establish that the error affected his substantial rights. See United States v. Martinez-Lugo, 411 F.3d 597, 600-01 (5th Cir.), cert. denied, 126 S. Ct. 464 (2005); United States v. Bringier, 405 F.3d 310, 317 n.4 (5th Cir.), cert. denied, 126 S. Ct. 264 (2005).  Therefore, he cannot demonstrate plain error.

Salas's constitutional challenge to 8 U.S.C. § 1326 is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although Salas contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Salas properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

The judgment of the district court is thus AFFIRMED.